■ City of New York, Respondent, v New York Marine and General Insurance Company, Appellant, et al., Defendant. [997 NYS2d 378]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about May 1, 2014, which, to the extent appealed from as limited by the briefs, declared that defendant New York Marine and General Insurance Company (Marine) is obligated to defend plaintiff City of New York in an underlying personal injury action, and denied Marine's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The underlying complaint alleged that the plaintiff therein tripped and fell on a tree stump. It was further alleged that the negligence of defendant Britt Realty Development Corp.

contributed to the accident by permitting construction debris on the sidewalk, or otherwise creating an obstruction. Since these allegations are potentially covered by the Marine policy issued to Britt, in which the City was named as an additional insured "only with respect to operations performed by or on behalf of [Britt] for which the [City] has issued a permit," Marine is obligated to defend the City in the underlying action (*cf. QBE Ins. Corp. v Jinx-Proof Inc.*, 102 AD3d 508, 509-510 [1st Dept 2013], *affd* 22 NY3d 1105 [2014]).

Certainly, since, at this juncture, the claims at issue may have arisen from a covered event, namely Britt's management of its construction activities, Marine is obligated to provide the City a defense. Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.